Filed 3/5/25  P. v. Mendoza CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANKIE JOSEPH MENDOZA,<br><br>    Defendant and Appellant. | F088100<br><br>(Super. Ct. No. F23907842)<br><br><br>**OPINION** |

<u>**THE COURT**</u>\*

APPEAL from a judgment of the Superior Court of Fresno County.  Noelle Pebet, Commissioner.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Frankie Joseph Mendoza pleaded no contest to felony criminal threats, and admitted a firearm enhancement and prior conviction allegations. He was sentenced to 10 years in prison. On appeal, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## FACTS[1]

In October 2023, the victim lived in a two-level apartment with her four minor children. Appellant and the victim's father also stayed at the apartment. Appellant and the victim had been in dating relationship for four years; he was not the father of her children.

On the afternoon of October 24, 2023, the victim was at her apartment with appellant and the victim's two daughters; the victim's father was not there. The victim and appellant were upstairs when he suddenly accused her of sleeping with other men in the apartment complex so she could taunt him. Appellant asked her: " 'You think I'm stupid? You think I don't know?' " The victim replied that he was "crazy."

Appellant became more aggravated as the victim continued to deny appellant's accusations. Appellant pulled a handgun from his pocket, stood within an arm's reach of the victim, and moved the gun around as if he was going to hit her with it. Appellant was yelling that he was going to shoot her, and he would kill her if she did not "stop playing dumb." The victim testified she was very scared.

The victim testified she had seen the gun the previous day, when appellant showed it to her and said he had just obtained the weapon. Appellant told her the gun was a

---

[1]     The following facts are from the preliminary hearing, which the parties stipulated to as the factual basis for appellant's pleas and admissions. The victim and the investigating officers testified at the preliminary hearing.

2.

"44 bulldog." The victim testified the gun was either brown or black, and it had a long barrel that was about five to six inches.

After their initial encounter, the victim went downstairs to the living room and sat on the couch with her two daughters. Appellant went outside. When appellant returned to the living room, he was still holding the gun and told the victim: " 'You think I'm stupid, huh?' " He also said, " 'Come on outside so I can shoot you with your little boyfriend.' " The victim refused to go outside and again said he was crazy. The victim testified appellant held the gun within one or two inches from her face and yelled, " 'You think I won't shoot you in front of your daughters, bi[***]?' " The victim was scared, and she did not know what was going to happen or whether he was going to shoot her. Appellant kept yelling at the victim until one of her daughters told appellant not to talk to her mother like that. Appellant got upset and left the apartment.

After appellant left, the victim contacted her mother, her stepfather, and a friend. They came to the apartment and convinced the victim to call the police. The victim called the police about 30 minutes after appellant left. Appellant was arrested later the same day. He was not found in possession of a firearm.

## PROCEDURAL BACKGROUND

On December 28, 2023, an information was filed in the Fresno County Superior Court that charged appellant with count 1, criminal threats (Pen. Code,[2] § 422), with an enhancement for personal use of a deadly and dangerous weapon, a handgun (§ 12022, subd. (b)(1)); and count 2, misdemeanor drawing or exhibiting a firearm in a threatening manner (§ 417, subd. (a)(2)).

It was alleged appellant had two prior strike convictions and two prior serious felony conviction enhancements, based on his convictions for burglary in 1999

---

[2]     All further statutory citations are to the Penal Code.

3.

(§§ 459/460) and criminal threats in 2006 (§ 422). It was further alleged there were five aggravating factors pursuant to California Rules of Court, rule 4.421.

## Plea Proceedings

On February 22, 2024, appellant pleaded no contest to count 1, criminal threats, and admitted the personal use enhancement, and one prior strike conviction and one prior serious felony conviction enhancement based on his conviction for criminal threats in 2006, for an indicated second strike sentence of 10 years and dismissal of the other allegations. Appellant initialed and signed a change-of-plea form that stated the terms of the negotiated disposition.

Appellant had been on "Postrelease Community Supervision" (PRCS) in another case when he committed the current offenses. At the plea hearing, appellant admitted violating the terms of PRCS and the court formally revoked supervision. The parties stipulated to the preliminary hearing transcript as the factual basis. Appellant entered the plea against the advice of his counsel.

## Sentencing Hearing

On March 21, 2024, the trial court convened the scheduled sentencing hearing. The court determined appellant had been released from jail because of overcrowding, and he failed to appear. The court found no good cause for his failure to appear and issued a no-bail warrant. Appellant was subsequently returned to custody.

On May 8, 2024, the trial court convened the continued sentencing hearing. Appellant made a motion to dismiss his appointed counsel. The court conducted a confidential hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, and denied the motion.

The trial court proceeded with sentencing and stated that it would not dismiss the prior strike conviction or any enhancement because appellant had seven prior felony convictions, he was on PRCS when he committed the offense, he used a weapon, his

record of criminal acts began when he was a juvenile, and he failed to appear for sentencing.

The trial court imposed the indicated sentence of 10 years based on the midterm of two years for count 1, doubled to four years as the second strike sentence, plus one year for the firearm enhancement, and five years for the prior serious felony conviction enhancement. The court terminated appellant's PRCS status.

The court terminated a previously-issued protective order, and served appellant with a domestic violence criminal protective order prohibiting contact with the victim for 10 years (§ 136.2, subd. (i)).

On May 10, 2024, appellant filed a notice of appeal as to the validity of his plea and sentence. On May 26, 2024, the court granted appellant's request for a certificate of probable cause.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. On December 5, 2024, this court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant did not do so.

After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.